UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
UNITED STATES OF AMERICA          )
                                                    )
        v.                                         )        Criminal No. 03-0557-1 (PLF)
                                                    )        Civil Action No. 16-0499 (PLF)
ANDRE MAURICE ALLEN,               )
                                                    )
        Defendant.                           )
_____)


MEMORANDUM OPINION AND ORDER

        In 2006, a jury convicted defendant Andre Maurice Allen on two counts of

unlawful distribution of phencyclidine ("PCP").  Judge Richard Roberts sentenced defendant to

210 months of imprisonment.  The defendant filed a notice of appeal, but his appeal was

dismissed for want of prosecution on December 9, 2008.  See Mandate of D.C. Circuit Court of

Appeals [Dkt. No. 345].  On February 3, 2016, Judge Roberts denied defendant's motion to

reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States

Sentencing Guidelines [Dkt. No. 391].  On March 15, 2016, defendant filed a motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his criminal history

score had been miscalculated during sentencing and that he received ineffective assistance of

counsel.  Defendant's Motion to Vacate, Set Aside, or Correct his Sentence at 5 [Dkt. No. 395].

On May 3, 2016, the defendant filed a motion for leave to amend his original Section 2255

motion, alleging two new grounds for his ineffective assistance of counsel claim and an

additional due process claim.  Defendant's Motion for Leave to Amend at 1-2 [Dkt. No. 400].

And in his reply brief responding to the government's opposition, defendant raised, for the first

time, an actual innocence argument.  Defendant's Reply to the Government's Opposition at 3-12. After careful consideration of the parties' briefs and the relevant legal authorities, the Court will deny defendant's motion as time-barred.

## II.  DISCUSSION

28 U.S.C. § 2255 allows a prisoner in custody to "move the court which imposed the sentence to vacate, set aside, or correct the sentence."  But the Court must first determine whether the motion is timely, because the statute imposes a one-year statute of limitations on such motions.  See United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000).  Untimely motions, absent equitable tolling, are time-barred and must be dismissed.  See id. at 205.  The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant's conviction became final when his appeal was dismissed for want of prosecution on December 9, 2008.  Because none of the exceptions listed in 28 U.S.C.

§ 2255(f)(2)-(4) applies, defendant's one-year limitations period within which to file his Section

2255 motions expired on December 9, 2009.

Although defendant's motion is time-barred under the plain language of the

statute, there are two potential avenues through which defendant's habeas motion could be

considered on the merits:  (1) equitable tolling; and (2) a credible showing of actual innocence.

Equitable tolling can "extend" the one-year limitations period if a defendant establishes two

elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Defendant

does not allege, however, that he was hampered in any significant way that could explain his

over seven-year delay in filing the motion.  Nor has he alleged or provided evidence that he has

diligently pursued his rights during those seven years.  While defendant references his pro se

status as a reason for the delay, "failure to meet the statutory deadline due to pro se

representation is not a circumstance in which it is appropriate to toll the statute of limitations."

United States v. Lawson, 608 F. Supp. 2d 58, 62 (D.D.C. 2009); see also United States v. Cicero,

214 F.3d at 203 ("The prisoner's ignorance of the law or unfamiliarity with the legal process will

not excuse his untimely filing, nor will a lack of representation during the applicable filing

period.").  Because the Court is not persuaded that defendant has diligently pursued his rights nor

that any extraordinary circumstances stood in his way, defendant does not qualify for equitable

tolling.

Defendant also has failed to establish a credible showing of actual innocence to

overcome the one-year limitations period.  The Supreme Court held that "actual innocence, if

proved, serves as a gateway through which a petitioner may pass whether the impediment is a

procedural bar . . . or . . . expiration of the statute of limitations," including the limitation period

3

under 28 U.S.C. § 2244(d).  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  But this

standard is demanding — "a petitioner does not meet the threshold requirement unless he

persuades the district court that, in light of [] new evidence, no juror, acting reasonably, would

have voted to find him guilty beyond a reasonable doubt."  Id. (quoting Schlup v. Delo, 513 U.S.

298, 329 (1995)).

   Defendant appears to raise two issues that he argues establish his actual innocence

sufficient to pass through this gateway:  (1) that the government relied on testimony and

evidence of controlled buys carried out by a government informant; and (2) that the government

produced a draft version of one of the government's exhibits as Jencks material that contains

handwriting and may conflict with either the corresponding government exhibit or the testimony

at trial from an FBI agent and the government informant.  As to both arguments, however,

defendant fails to identify any newly discovered evidence unavailable to him at trial.  The

government's testimony and evidence concerning the controlled buys were presented at trial and,

by the defendant's own admission, the government produced the draft version of the

government's exhibit during trial.  See Defendant's Reply at 8 [Dkt. No. 402].  All of the

evidence relevant to defendant's claims therefore was known to his counsel at the time of his

trial.  The Court also is unpersuaded that any of the issues raised, as the Court understands them,

constitute "evidence of innocence so strong that [this Court] cannot have confidence in the

outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

constitutional error."  McQuiggin v. Perkins, 133 S. Ct. at 1936 (quoting Schlup v. Delo, 513

U.S. at 316).  Moreover, the Court notes that it is not error for the government to rely upon

evidence obtained through controlled buys.  See generally United States v. Suggs, 146 F. Supp.

3d 151 (D.D.C. 2015); United States v. Knight, 975 F. Supp. 2d 119, 133 (D.D.C. 2013); United

States v. Talley, 674 F. Supp. 2d 221, 227 (D.D.C. 2009).  Defendant thus has failed to

demonstrate a "credible showing [to] allow [defendant] to pursue his constitutional claims"

despite the passage of the one-year limitations period.  McQuiggan v. Perkins, 133 S. Ct. at

1931.  The Court will deny defendant's motion to vacate as time-barred.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion for leave to amend [Dkt. 400] is GRANTED;

and it is

FURTHER ORDERED that defendant's motion to vacate his sentence under 28

U.S.C. § 2255 [Dkt. 395] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  August 2, 2016