UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                             )
UNITED STATES OF AMERICA,                    )
                                             )
        v.                                   )        Criminal Action No. 03-0557 (PLF)
                                             )        Civil Action No. 16-0499 (PLF)
ANDRE MAURICE ALLEN,                         )
                                             )
        Defendant.                           )
_____)

MEMORANDUM OPINION AND ORDER

        The matters before the Court are defendant Andre Maurice Allen's four

outstanding motions:  a Motion for Clarification [Dkt. 405], an Application for a Certificate of

Appealability [Dkt. 406], an unopposed Motion for Permission to Appeal In Forma Pauperis

[Dkt. 407], and a Motion for Declaratory Judgment [Dkt. 422].  This Court previously denied

Allen's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See

Memorandum Opinion and Order (Aug. 2, 2016) [Dkt. 403].  Allen appealed that decision to the

U.S. Court of Appeals for the District of Columbia Circuit, which is holding Allen's appeal in

abeyance pending notification from this Court of its decisions regarding Allen's requests to

appeal in forma pauperis and for a certificate of appealability.  See Order, No. 16-3103 (Sept. 21,

2016) [Dkt. 411].  After careful consideration of the parties' briefs and the relevant legal

authorities, the Court concludes that a certificate of appealability is not warranted and therefore

declines to issue one.  In addition, the Court will deny Allen's motion for leave to appeal in

forma pauperis as moot and deny Allen's motions for clarification and for declaratory judgment.[1]

_____
        [1]      The documents reviewed in connection with the pending motions include:
Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

## I.  FACTUAL BACKGROUND

In 2006, a jury convicted Allen on two counts of unlawful distribution of phencyclidine ("PCP").  Judge Richard Roberts sentenced Allen to 210 months of imprisonment.  See Judgment (June 5, 2006) at 2 [Dkt. 317].  On March 15, 2016, Allen filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his criminal history score had been miscalculated during sentencing and that he received ineffective assistance of counsel.  Section 2255 Motion at 5.  The case was then reassigned to this Court following Judge Roberts's retirement.  On May 3, 2016, Allen filed a motion for leave to amend his original Section 2255 motion, which this Court granted, raising two new grounds for his ineffective assistance of counsel claim and an additional due process claim.  Motion for Leave to Amend at 1-2.  On August 2, 2016, this Court denied Allen's Section 2255 motion as time-barred because he failed to meet both the statute-of-limitations provision in 28 U.S.C. § 2255(f) and any of the exceptions to the one-year limitations period.  Memorandum Opinion and Order at 2.

## II.  DISCUSSION

### A.  Application for Certificate of Appealability

Before a petitioner may appeal a final order in a 28 U.S.C. § 2255 proceeding, he must obtain a certificate of appealability either from this Court or from the court of appeals.  28

---

Custody ("Section 2255 Motion") [Dkt. 395]; Motion for Leave to Amend 2255 ("Motion for Leave to Amend") [Dkt. 400]; Defendant's Reply to the Government's Opposition to the Pro Se Motion Pursuant to 28 U.S.C. § 2255 ("Defendant's Reply") [Dkt. 402]; Motion for Clarification [Dkt. 405]; Application for a Certificate of Appealability ("Application") [Dkt. 406]; Motion for Permission to Appeal In Forma Pauperis [Dkt. 407]; United States' Opposition to Defendant's Motion for Clarification and Application for a Certificate of Appealability [Dkt. 415]; The Plaintiff's Response to the Government's Opposition to My Motion for Clarification and Certificate of Appealability ("Defendant's Response") [Dkt. 417]; and Motion for Declaratory Judgment [Dkt. 422].

U.S.C. § 2253(c)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  Where, as here, the Court denies the Section 2255 motion on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also United States v. Arrington, 763 F.3d 17, 23 (D.C. Cir. 2014).  This Court therefore may decline to issue a certificate of appealability only if Allen has failed to make either showing.  See Slack v. McDaniel, 529 U.S. at 484-85; United States v. Pollard, 416 F.3d 48, 54 (D.C. Cir. 2005).  The Court concludes that no reasonable jurist would find it debatable that this Court was incorrect in its procedural ruling that Allen's claims are time-barred.

Untimely Section 2255 motions, absent equitable tolling, are time-barred and must be dismissed.  United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000).  The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In its previous opinion, this Court concluded that none of the exceptions listed in 28 U.S.C. § 2255(f)(2)-(4) applied. Memorandum Opinion and Order at 2-3. The appropriate triggering event to start the one-year limitations period therefore was the date on which Allen's original judgment became final. 28 U.S.C. § 2255(f)(1). Allen's judgment became final when his appeal of his conviction and sentence was dismissed by the court of appeals for want of prosecution on December 9, 2008. See Mandate, No. 06-3092 (Dec. 9, 2008) [Dkt. 345]. The one-year limitations period within which he had to file a Section 2255 motion therefore expired on December 9, 2009. Allen filed his Section 2255 motion over six years later on March 15, 2016. Section 2255 Motion at 1. In his motion for clarification and his application for a certificate of appealability, Allen now argues that he meets two of the exceptions under 28 U.S.C. § 2255(f) because he only became aware of his base offense level and criminal history score, used to calculate his guidelines sentencing range, in 2016 when Judge Roberts denied his request for a sentence reduction under 18 U.S.C. § 3582(c)(2) in an unrelated order. See Motion for Clarification at 3; Application at 3; Defendant's Response at 13; see also Memorandum Order (Feb. 3, 2016) [Dkt. 391].

With respect to 28 U.S.C. § 2255(f)(2), Allen suggests — although he does not state so explicitly — that Judge Roberts's failure to announce his base offense level and criminal history score at his sentencing hearing was "governmental action in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(f)(2), that prevented him from filing a Section 2255 motion in a timely fashion. See Application at 3; Motion for Clarification at 3. Even assuming that a judge's decision may constitute a "governmental action" under Section

2255(f)(2), this argument lacks merit.  According to the transcript of the sentencing hearing,

Judge Roberts explicitly addressed Allen's objections to the presentence investigation report and

made factual findings concerning the quantity of PCP for which he found Allen responsible —

10,000 grams or ten kilograms — and his role in the offense to determine Allen's base offense

level.  See Sentencing Tr. (May 26, 2006) at 22-23, 26.  Judge Roberts also stated that Allen's

applicable guidelines sentencing range was 292 to 360 months, or 24 to 30 years.  Id. at 48-49.[2]

In his statements at sentencing, Judge Roberts did not announce the final offense level resulting

from his factual findings or Allen's criminal history score.  As noted, however, he stated several

times the resulting guidelines sentencing range.  Judge Roberts also stated — repeatedly — that

he thought a sentence within that range was too high and his reasons for varying below the

guidelines sentencing range under the sentencing factors set forth in 18 U.S.C. § 3553(a).  See

Sentencing Tr. at 47-49, 51.  Judge Roberts ultimately sentenced Allen to 210 months in prison,

82 months less than what he found to be the low end of the applicable guidelines sentencing

range.

      Moreover, Allen was aware of the guidelines sentencing range, criminal history

score, and the prior convictions used to calculate the criminal history score from having

reviewed the Presentence Investigation Report ("PSR").  He signed and filed a Receipt and

Acknowledgement Form, acknowledging his receipt and review of the PSR and challenging the

offense level calculated by the Probation Office.  See Receipt and Acknowledgement of

Presentence Investigation Report at 2 [Dkt. 318].  Through counsel, Allen also filed a sentencing

---

[2]    At sentencing, Judge Roberts seemed to equate a guidelines sentencing range of 292 to 360 months with 24 to 30 years.  Sentencing Tr. at 49.  Twenty-four years is actually 288 months, not 292 months.  That minor misstatement by Judge Roberts, however, does not affect Allen's substantive rights.

memorandum in which he challenged the quantity of PCP for which he was allegedly responsible and the offense level increases included in the PSR for obstruction of justice and for his role in the conspiracy.  <u>See</u> Memorandum in Aid of Sentencing at 13-15 [Dkt. 307-2].  Indeed, Judge Roberts spent considerable time at the sentencing hearing explaining why he disagreed with the Probation Office and the government — and agreed with Allen that an increase for obstruction of justice was inappropriate.  <u>See</u> Sentencing Tr. at 23-25.

Allen's argument regarding the exception under 28 U.S.C. § 2255(f)(4) fares no better.  Allen argues that the facts underlying his claim were not discoverable through due diligence until 2016 when Judge Roberts mentioned Allen's base offense level and criminal history score in an unrelated order denying his request for a sentence reduction under 18 U.S.C. § 3582(c).  Defendant's Response at 13.  As just discussed, however, Allen's base offense level and criminal history score were easily discernible from the PSR, which Allen acknowledged he had received, and from Judge Roberts's statements at sentencing in Allen's presence.

Based on the record, this Court concludes that no reasonable jurist would find it debatable that Judge Roberts's conduct constituted unconstitutional governmental action that prevented Allen from filing a Section 2255 motion or that Allen did not know or could not have discovered the facts supporting his claims through due diligence until six years after he was sentenced.  <u>See</u> 18 U.S.C. § 2255(f)(2), (f)(4).  For these reasons and because Allen filed his Section 2255 motion six years after the limitations period had expired, <u>see</u> <u>supra</u> at 4, the Court again concludes that Allen has not met the requirements under Section 2255(f).

As the Court noted in its August 2, 2016 Memorandum Opinion and Order, however, there are two potential avenues through which a time-barred Section 2255 motion can be considered on the merits:  equitable tolling or a credible showing of actual innocence.

Memorandum Opinion and Order at 3.  For the reasons stated in that Opinion, the Court concluded that Allen had not made a showing under either theory.  See id. at 3-5.  Nothing in Allen's more recent filings undermines that conclusion.  With regard to equitable tolling, Allen has not established that he was "pursuing his rights diligently" and was prevented by "extraordinary circumstances" from filing the motion.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Nor has he established a credible showing of actual innocence — "that, in light of [] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  His claims were based on evidence that was available to him at the time of trial, as Allen has acknowledged.  See Defendant's Reply at 8.

In sum, no reasonable jurist would find debatable this Court's procedural ruling that Allen's Section 2255 motion was time-barred under 28 U.S.C. § 2255(f) and that he did not meet the requirements for equitable tolling or a credible showing of actual innocence.  In light of this conclusion, the Court need not reach the issue of whether jurists of reason would find it debatable whether Allen's Section 2255 motion states a valid claim of the denial of a constitutional right.  See Slack v. McDaniel, 529 U.S. at 484-85; United States v. Pollard, 416 F.3d at 54.  The Court therefore will deny Allen's application for a certificate of appealability.

## B.  Motions for Clarification and Declaratory Judgment

In his motion for clarification, Allen asks this Court to rule on the merits of his constitutional claims.  See Motion for Clarification at 2-4.  This Court cannot reach the merits of his constitutional claims, however, because — as the Court has stated here and in its previous Opinion — Allen's Section 2255 motion is time-barred.  See supra at 3-5; Memorandum Opinion and Order at 2-3.

Allen also recently filed a motion for declaratory judgment on his motion for clarification.  <u>See</u> Motion for Declaratory Judgment at 1.  Allen's motion for declaratory judgment is the functional equivalent of a request that the Court rule on his Section 2255 motion.  <u>See</u> <u>Zaidi v. U.S. Sentencing Comm'n</u>, 144 F. Supp. 3d 1, 2 (D.D.C. 2015).  Because Allen's motion for declaratory judgment ultimately seeks resolution of the merits of his time-barred Section 2255 motion, the Court will deny his motion for declaratory judgment.

## C. Request for an Evidentiary Hearing

The Court will also deny Allen's request for an evidentiary hearing.  <u>See</u> Motion for Declaratory Judgment at 1; Defendant's Response at 2, 4.  Allen requests an evidentiary hearing on the merits of his Section 2255 motion and the actual innocence exception to the time bar in 28 U.S.C. § 2255(f).  <u>See</u> Motion for Declaratory Judgment at 1; Defendant's Response at 2.  With respect to the actual innocence exception to the time bar, an evidentiary hearing may be appropriate for a court to "assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial."  <u>Schlup v. Delo</u>, 513 U.S. at 331-32.  As previously noted, however, Allen has not proffered any new evidence here that was unavailable to him at the time of his sentencing.  <u>See</u> <u>supra</u> at 4-6; Memorandum Opinion and Order at 4.  An evidentiary hearing therefore is not warranted.  In addition, the Court cannot reach the merits of Allen's Section 2255 motion because it is time-barred, and it need not hold an evidentiary hearing before denying the motion on procedural grounds.  <u>See</u> <u>United States v. Pollard</u>, 959 F.2d 1011, 1030 (D.C. Cir. 1992) (citing 28 U.S.C. § 2255(b)).

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's application for a certificate of appealability [Dkt. 406] is DENIED and that no certificate of appealability shall be issued; it is

FURTHER ORDERED that defendant's motion for permission to appeal in forma pauperis [Dkt. 407] is DENIED as moot; it is

FURTHER ORDERED that defendant's motion for clarification [Dkt. 405] is DENIED; it is

FURTHER ORDERED that defendant's motion for declaratory judgment [Dkt. 422] is DENIED; and it is

FURTHER ORDERED that the Clerk of this Court is directed to notify the Clerk of the U.S. Court of Appeals for the District of Columbia Circuit of this Memorandum Opinion and Order and provide a copy to him.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 15, 2017